UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN FOSTER** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-414** |
| **HERCULES OFFSHORE CORPORATION** | **SECTION I** |

### ORDER AND REASONS

Defendant, The Offshore Drilling Company ("TODCO"), has moved[1] for summary judgment on the Jones Act negligence and unseaworthiness claims of plaintiff, Bryan Foster ("Foster"). Foster does not oppose dismissing without prejudice his negligence claim against TODCO, but he has filed an opposition to defendant's motion for summary judgment as to his unseaworthiness claim.[2]

### *FACTS*

At the time of Foster's alleged accident, Hercules Offshore Services, LLC ("Hercules") employed him as a floorhand aboard Rig 205,[3] which TODCO owned. Foster alleges that he slipped[4] and fell while tripping pipe. The parties do not dispute that there was some amount of water and drilling mud from rain and normal pipe tripping operations on the deck of the Rig 205 at the time of Foster's accident.[5] In his claim against TODCO, Foster alleges that the absence of cocoa

---

[1] R. Doc. No. 49.
[2] R. Doc. No. 53.
[3] *Id.* at p. 4.
[4] For purposes of TODCO's motion for summary judgment, the Court will describe Foster's accident as a slip and fall. The parties dispute whether Foster slipped or "lost his balance when he misplaced his hands pushing pipe." R. Doc. No. 49-1, at p. 3.
[5] *Id.* at p. 7.

mats,[6] coupled with the water and drilling mud on the deck, made Rig 205 unseaworthy and caused him to slip and fall.[7]

## *STANDARD OF LAW*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict

---

[6]"Cocoa mats," or "coco mats," are mats historically made of cocoa fibers, that can provide additional traction in slippery conditions. *See Sistrunk v. Audubon Park Natatorium, Inc.*, 164 So. 667, 668 (La. App. 1935).
[7]R. Doc. No. 53, at p. 4.

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (internal quotation and citation omitted) (alteration in original).

## *DISCUSSION*

TODCO contends that cocoa mats were available and that the presence of water and drilling mud on the deck did not create an unseaworthy condition.[8] TODCO additionally contends that to the extent cocoa mats were unavailable, this absence was, at worst, operational negligence on the part of Hercules rather than an unseaworthy condition attributable to TODCO. The parties dispute whether there is any genuine issue of material fact as to whether cocoa mats were available at the time of Foster's alleged accident.

TODCO argues that the drilling mud and water on Rig 205's deck was an unavoidable condition that was within reasonable expectations and that did not render the vessel unseaworthy.[9] In response, Foster argues that his complaint is premised on the combination of the drilling mud, water, and lack of cocoa mats.[10] According to Foster, a genuine issue of material facts exists as to whether cocoa mats were available. According to TODCO, the testimony of Foster and two of his co-workers undisputedly establishes that cocoa mats were available.

---

[8] R. Doc. No. 49-1, at p. 9.
[9] *Id.* at p. 7.
[10] R. Doc. No. 53, at p. 5.

Robert Ramsey, a driller for Hercules, testified that cocoa mats were always available to the best of his knowledge.[11] Timothy Jacob, an offshore installation manager, testified that cocoa mats were "amply available" and that with respect to new mats, "[t]here's always two or three I think in the corner or on the floor somewhere."[12] He specifically testified that cocoa mats were available either in the store room or the drill floor on the date of Foster's accident.[13] According to Jacobs, if used mats became "worn out," they would be thrown away.[14] Foster testified that there were cocoa mats on the rig floor on the day of his accident, but there were no cocoa mats in the particular spot where he was working.[15] While there had been mats there previously, he testified, "you've got guys that move mats, put mats there and put mats there."[16] In response to the question of whether unused cocoa mats were available, Foster testified, "Not that I recall."[17]

In light of the fact that the Court must make all justifiable inferences in Foster's favor, Foster's deposition testimony gives rise to a genuine issue of material fact as to whether cocoa mats were available consistently and in sufficient quantities so as to render the vessel seaworthy. *See Garcia v. Murphy Pac. Marine Salvaging Co.*, 476 F.2d 303, 306-06 (5th Cir. 1973) (observing that jury could have found for either party on issue of whether ship was unseaworthy where oil was on the deck but safety measures were taken to minimize the danger of slipping); *see also Welch v. J. Ray McDermott & Co.*, 336 F. Supp. 383, 385 (W.D. La. 1972) (finding that a shower with no handrail, soapy water present, and no available shower mat constituted an unseaworthy condition).

---

[11]R. Doc. No. 49-5, at pp. 1 & 33.
[12]*Id.* at p. 31.
[13]*Id.* at p. 42.
[14]R. Doc. No. 49-4, at p. 34.
[15]R. Doc. No. 49-3, at p. 109-10.
[16]*Id.* at p. 111.
[17]*Id.* at pp. 110-11.

Because the Court finds that there is a genuine issue of material fact as to whether cocoa mats were available, it does not reach TODCO's argument for summary judgment premised on a factual scenario in which relevant conditions included rain, drilling mud, and available cocoa mats.

TODCO additionally contends that any failure to use cocoa mats was an operational condition, an isolated act of negligence by Foster or Hercules that is distinguishable from an unseaworthy condition.[18] In support, TODCO cites *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 500 (1971), in which the Supreme Court held that an "isolated, personal negligent act" does not render a vessel unseaworthy. Foster argues that *Usner* is distinguishable because his allegations do not rely on the act or omission of a fellow crew member but on the unavailability of cocoa mats.[19]

Summary judgment on the operational negligence is unwarranted.

> [E]ven a temporary condition that makes the vessel unfit can be an unseaworthy condition. As the Supreme Court held in *Mitchell v. Trawler Racer*, a coating of fish slime on the ship's rail was a "transitory" but nonetheless unseaworthy condition of the vessel. 362 U.S. 539 (1960). Thus, the law recognizes a "distinction between 'transitory unseaworthiness,' for which there is liability, and 'instant unseaworthiness' caused by a single unforeseeable act of operational negligence.

*Landry v. Chet Morrison Contractors, LLC*, No. 11-48, 2011 WL 6140740, at *4 (E.D. La. Dec. 9, 2011) (Fallon, J.) (citing 1 Thomas J. Schoenbaum, Admiralty & Maritime Law § 6–26 (5th ed.2011); 2 Robert Force and Martin J. Norris, The Law of Seamen § 27:6 (5th ed. 2003)). As discussed above, whether cocoa mats were available is a genuine issue of material fact. The cause

---

[18]R. Doc. No. 49-1, at p. 10.
[19]R. Doc. No. 53, at p. 8.

of any unavailability, including whether TODCO failed to adequately furnish cocoa mats, is a related genuine issue of material fact. Accordingly,

**IT IS ORDERED** that Foster's Jones Act claim against TODCO is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that TODCO's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, January 9, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**